On Petition for Rehearing.

Wilson, P. J.
After a careful review of our opinion in connection with the brief of counsel for appellee on petition for rehearing, we discover nothing which raises a doubt in our minds as to the correctness and soundness of the views which we have expressed. We are wholly unable to see the slightest conflict between the doctrines which we have announced, and those laid down in the cases cited.—Sullivan v. City of Leadville, 11 Colo. 483; Smith Canal Co. v. Denver, 20 Colo. 86.
In the latter case there was no pretense that there had been any prior appropriation covering the expense in controversy for one year, or for any period *374 of time, or at all. There had not even been a contract between the city and the canal company. Suit was upon an implied contract, recovery being sought upon an implied promise to pay for the water which the city had received and used. In its opinion the court did not pass upon — because it was not involved in the case — the meaning of the word “liability” in the charter section which was there as here under consideration. The case as presented has no similarity whatever to this one. The controlling questions of this was not there involved nor considered.
The Sullivan case involved inter alia a provision of the general law with reference to cities and towns somewhat similar to but not precisely like the charter provision here under consideration. The question there was whether there had been any prior appropriation at all to meet the expense incurred under a contract for street improvement — it being conceded that such an appropriation was necessary and required by the statute. The question to be determined was one of fact. If that case is authority at all upon any question involved in this, it is plainly in favor of and supports our conclusion that in this case the appropriation in the general appropriation bill for lighting purposes generally was a sufficient compliance with the requirements of the charter as to a prior appropriation to meet the liability to be incurred under the Lacombe contract for that year. In that case the annual appropriation ordinance seems to have contained an appropriation made generally for “streets, alleys and bridges.” "Without any further appropriation, the defendant city had made a contract with the plaintiff for grading and macadamizing certain streets. It was held (p. 488) that the appropriation thus made would have been a sufficient compliance with the law requiring a prior appropriation, provided it had been established that the amount *375 of such general appropriation was sufficient to cover the expense incurred by the contract.
Counsel express a fear that by reason of certain language used in the opinion, their position upon one question may be misunderstood. We think their apprehensions are groundless, but to obviate all danger of misunderstanding, we will state that counsel for appellee did not at any time contend that the city had power to make an appropriation in any one year, covering the amount to be earned under the contract in subsequent years. This power was expressly denied by them, and indeed the entire want of it was conceded by all parties. The contention of counsel was, and we believe we have so expressed it, that by the contract the city incurred a liability for the entire sum to be earned by it during the ten years, and that the city having no power to make any appropriation except for the amount to be earned during the one year, the entire contract was by reason of this want of power to make a prior appropriation covering the entire liability as they claimed it, void.
The rehearing is denied.

Rehearing denied.